UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JIMMIE N. RAY | CIVIL ACTION NO. 16-810 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Jimmie N. Ray's ("Ray") request for a temporary restraining order (TRO). See Record Document 1. Ray seeks a TRO "to prohibit Dept. of Public Safety and Corrections, from requiring [him] to register as a Sex Offender at the Caddo Parish Sheriff's Office." Id. at 1.

**FACTUAL AND PROCEDURAL BACKGROUND**

At the outset, it should be noted that Ray's factual and legal contentions supporting his argument for a TRO are somewhat unclear. It appears that Ray was originally convicted of sexual battery in January, 1993, and was released from prison for that offense in October, 1995. See Record Document 1-1 at 2. He then pleaded guilty to another offense on August 23, 2004, and received a sentence of five years in prison. See Record Document 1 at 2. After his release on April 9, 2008, Ray was re-arrested on April 17, 2008 for failure to abide by court order. See id. He was tried and convicted, and was sentenced to serve one year in prison. See id. On April 16, 2009, Ray was released. See id. Ray was then "arrested for a third time for the same offense" and was then tried, convicted, and sentenced to two more years in prison. Id. It seems that he was then released on June 21, 2011. See id. Ray filed this application for a TRO on June 9, 2016. See id.

## LAW AND ANALYSIS

Ray argues that the requirement that he continue to register as a sex offender violates numerous provisions of both the United States Constitution and the Louisiana Constitution, including that the requirement constitutes an unconstitutional ex post facto law and slavery or involuntary servitude. See Record Document 1 at 1, 4 ¶ 6. He seeks a TRO on this basis. See id.

A TRO is a form of equitable injunctive relief that preserves the status quo of the parties until there is an opportunity to hold a full hearing on an application for a preliminary injunction. See Fed. R. Civ. P. 65(b). "A court may issue a TRO without written or oral notice to the adverse party or its attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition, and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

To obtain a temporary restraining order, "the moving party must establish four factors: (1) a substantial likelihood of success on the merits, (2) a substantial threat that failure to grant the injunction will result in irreparable injury, (3) the threatened injury outweighs any damage that the injunction may cause the opposing party, and (4) the injunction will not disserve the public interest." Harris v. Monroe City Sch. Bd., 2012 U.S. Dist. LEXIS 115871 at *8-9 (W.D. La. 2012), citing Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991). Injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four

factors." <u>Allied Marketing Group, Inc. v. CDL Marketing, Inc.</u>, 878 F.2d 806, 809 (5th Cir. 1989).

As a threshold matter, the Court may not issue a TRO in this case because (a) Ray has not sworn to specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss or damage will result to him before the DOC can be heard in opposition, and (b) Ray has not certified in writing any efforts made to give notice of the filing of the request for a TRO to the DOC and the reasons why such notice should not be required. <u>See</u> Fed. R. Civ. P. 65(b)(1).

The Court will nonetheless address one of the factors Ray has the burden of establishing to obtain a TRO. First, Ray must establish that he has a substantial likelihood of success on the merits of her argument. The Court finds that he has virtually no likelihood of success on the merits, as challenges to the Louisiana Sex Offender Registration Statute, La. R.S. § 15:542, and others like it under both the Louisiana Constitution and the United States Constitution have generally failed. <u>See</u> <u>State ex rel. Olivieri v. State</u>, 779 So. 2d 735, 749-50 (La. 02/21/2001); <u>see also</u> <u>Smith v. Doe</u>, 538 U.S. 84, 105-06 (2003). Ray's request for a TRO is therefore **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 7th day of October, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE