UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JIMMIE NOEL RAY                         CIVIL ACTION NO. 16-cv-0810

VERSUS                                  JUDGE HICKS

LA DEPT. OF PUBLIC SAFETY &             MAGISTRATE JUDGE HORNSBY
CORRECTIONS

**REPORT AND RECOMMENDATION**

**Introduction**

Jimmie N. Ray ("Plaintiff") alleges that he was convicted of a crime in a Louisiana state court in 2004, and he served a five-year sentence. Plaintiff alleges that, after completing his entire sentence, he was released but then rearrested at least twice and sentenced to additional terms for failure to register as a sex offender. His complaint does not identify his 2004 crime, but an exhibit reflects a 1993 sexual battery conviction.

Petitioner complains that his sentences for failure to register violate the Double Jeopardy Clauses of the Louisiana and United States Constitutions. Plaintiff also invokes the Ex Post Facto Clause and the Eighth Amendment. He prays that the court "grant temporary restraining order that District Attorney and Sheriff of Caddo Parish be compelled to show cause of legality of defendant's confinement." For the reasons that follow, it is recommended that the complaint be dismissed without prejudice.[1]

---

[1] Plaintiff filed an almost identical complaint in 16 CV 1518. A Report and Recommendation has issued in that case and recommends dismissal for reasons similar to those stated in this recommendation.

**Eleventh Amendment Immunity**

The only defendant named in the complaint is the Louisiana Department of Public Safety and Corrections, which gives rise to Eleventh Amendment concerns. "The Eleventh Amendment bars suits by private citizens against a state in federal court." K. P. v. LeBlanc, 627 F.3d 115, 124 (5th Cir. 2010). Congress has abrogated Eleventh Amendment immunity by the enactment of some federal statutes, but 42 U.S.C. § 1983 is not one of them. Quern v. Jordan, 99 S.Ct. 1139 (1979). State law claims are also barred by the immunity. Richardson v. Southern University, 118 F.3d 450, 453 (5th Cir. 1997).

The bar on suits against the State extends to its agencies and departments that are considered arms of the State. The Fifth Circuit has held that the Louisiana Department of Public Safety and Corrections is an arm of the state for Eleventh Amendment purposes. Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313-14 (5th Cir. 1999). Accordingly, the court lacks jurisdiction to hear Plaintiff's claims against the Department to the extent they are asserted under Section 1983 or Louisiana law.

**Habeas Corpus**

Plaintiff's filing can be construed as a habeas corpus petition under 28 U.S.C. § 2254, but a person seeking habeas relief must be "in custody" of the state. Plaintiff alleges that he has served his full terms, and there is no indication that he is on parole or other form of supervision. His address is in a residential area of Shreveport. Plaintiff is not imprisoned, on parole, or subject to any other restrictions, as far as the complaint reveals, that would satisfy the in custody element. And several courts have held that sex offender registration

requirements do not satisfy the "in custody" requirement for purposes of federal habeas relief.  Murray v. Louisiana, 2013 WL 1579875 (W.D. La. 2013) (collecting cases); Burr v. Thaler, 2012 WL 6777126 (N.D. Tex. 2012) (collecting cases).

Even if Petitioner could satisfy the in custody element, he would have to demonstrate that he exhausted his state court remedies before seeking habeas relief.  An application for a writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  The requirement is designed to give the state courts a first opportunity to correct alleged violations of federal rights.  Baldwin v. Reese, 124 S.Ct. 1347, 1349 (2004).  To satisfy it, a prisoner must fairly present his federal claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting the state courts to the federal nature of the claim. Id; O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1732 (1999).

Exhibits to Plaintiff's complaint include rulings from a state-court commissioner (recommending dismissal for not exhausting administrative remedies before filing in court) and a ruling from the Louisiana First Circuit Court of Appeal that denied a writ because Plaintiff did not follow the proper procedure to seek review from the appellate court.  It appears the Supreme Court of Louisiana refused to consider a related writ application because it was filed untimely.  Ray v. Louisiana Department of Public Safety and Corrections, 192 So.3d 760 (La. 2016).

Plaintiff has not submitted copies of his filings and other material from the state court process, but it appears he has not properly exhaust his state court remedies.  And he would

almost certainly be subject to a procedural bar based on his untimely writ application and other procedural mistakes.  When a state court has denied a petitioner's claim on an independent and adequate state-law ground (such as failure to meet a deadline or other procedural requirement), federal habeas review is barred unless the petitioner shows cause for the default and actual prejudice from the alleged violation of federal law, or demonstrates that a fundamental miscarriage of justice will occur if the claims are not considered.  Glover v. Cain, 128 F.3d 900, 902 (5th Cir.1997); Bowie v. Cain, 33 Fed. Appx. 705 (5th Cir. 2002). Petitioner can attempt to make such a showing in his objections, Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998), but his claims do not appear to be properly before this court for habeas relief.  There is no other readily apparent avenue for Plaintiff to assert the challenges raised in his complaint.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed without prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a COA when it enters a final order adverse to the applicant. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a COA should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of August, 2017.



Mark L. Hornsby
U.S. Magistrate Judge